# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KAREN WEBB,<br><br>        Plaintiff,<br><br>v.<br><br>FULTON COUNTY; and the FULTON COUNTY CLERK OF SUPERIOR AND MAGISTRATE COURTS,<br><br>        Defendants. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Karen Webb ("Ms. Webb" or "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Ms. Webb brings this action against her employer for sexual harassment, discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000-e, *et seq*. ("Title VII").

2. In short, Ms. Webb was subjected to severe sexual harassment during her employment by a Chief Deputy Clerk of the Fulton County Clerk's office, including being sexually assaulted at work. Instead of protecting Ms. Webb and other female employees, Defendants protected and enabled a sexual predator.

1

## THE PARTIES

3. Plaintiff Karen Webb ("Plaintiff" or "Ms. Webb") is an adult woman and resident of Georgia.

4. Defendant Fulton County is, and at all relevant times was, a body politic which can sue and be sued and is subject to the venue and jurisdiction of this Court. During her employment relevant to this matter, Ms. Webb was paid by Fulton County and, upon information and belief, subject to employment policies and procedures of Fulton County (including with respect to the sexual harassment, discrimination, and retaliation she experienced). Fulton County acted by and through its executive officers, directors, managers, and other agents.

5. Defendant Fulton County Clerk of Superior and Magistrate Courts ("the Fulton County Clerk") is, and at all relevant times was, Ché Alexander, an elected official who can sue and be sued and is subject to the venue and jurisdiction of this Court. The Fulton County Clerk acted by and through her executive officers, directors, managers, and other agents. In connection with this matter, Defendants asserted in their position statement to the Equal Employment Opportunity Commission ("EEOC") that "Ms. Webb was employed by the Clerk of Superior and Magistrate Courts."

6. In response to Ms. Webb's EEOC Charge of Discrimination in connection with this matter, Defendants Fulton County and the Fulton County Clerk filed a joint

position statement, represented by the same counsel (the Office of the Fulton County Attorney).  With respect to Ms. Webb's complaints and reports of sexual harassment described herein, Ms. Webb at times dealt with human resources personnel of Fulton County as well as human resources personnel of the Fulton County Clerk.

7. At all times relevant herein, Defendants Fulton County and the Fulton County Clerk were the agents, employees, managing agents, supervisors, co-conspirators, joint employers, alter ego, and/or joint venturers of the respective other Defendant, and in doing the acts or omissions alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission, consent, and/or ratification of the other Defendant.  Defendants Fulton County and the Fulton County Clerk are collectively referred to as "Defendants."

8. Whenever and wherever reference is made herein of any act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

9. Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendants in this complaint but were agents, servants, employees and/or supervisors of Defendants, such individuals at all relevant times acted on behalf of Defendants.

## JURISDICTION AND VENUE

10. This action arises under federal statutes, including Title VII. The United States District Court for the Northern District of Georgia has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims brought herein constitute a federal question under the laws of the United States.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because all Defendants reside in the state of Georgia, some or all of the Defendants reside in this district, and a substantial part of the events or omissions giving rise to Ms. Webb's claims occurred in this district.

## ADMINISTRATIVE EXHAUSTION

12. Ms. Webb properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of right to sue letter from the EEOC.

13. Ms. Webb has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## FACTS

14. In or about March of 2022, Ms. Webb was hired to work in the Fulton County Clerk's office.

15. Throughout Ms. Webb's employment, Nicholas Cotten ("Cotten") held the position of Chief Deputy Clerk in the Fulton County Clerk's office, a supervisory and/or management role.

16. During Ms. Webb's employment, she was subject to Cotten's supervision and authority on employment matters.

17. Beginning in or about June of 2022 and continuing through 2023, Ms. Webb was subjected to inappropriate sexual comments, gestures, touching, and assault by Defendant Cotten. For example (not an all-inclusive list):

   a. Cotten sent Ms. Webb sexually explicit pictures and repeatedly requested she do the same;

   b. Cotten often physically touched and bumped into her at work;

   c. Cotten whispered vulgar and intimidating things to her at work, such as "don't act f*cking funny, I want to f*ck you";

   d. Cotten repeatedly requested sex and oral sex from Ms. Webb;

   e. Cotten told Ms. Webb he had reserved a hotel room for the work Christmas party and requested her to stay with him; and

   f. Cotten asked Ms. Webb if she was wearing any underwear, while putting his fingers inside her private (groin) area.

18. In one traumatic incident, Cotten sexually assaulted Ms. Webb in his office, pushing Ms. Webb over his desk and forcing intercourse with her, despite Ms. Webb telling him "no" and clearly not consenting.

19. Soon after Ms. Webb was sexually assaulted in the workplace by Cotten (described *supra*), Ms. Webb informed a member of Human Resources. Ms. Webb was essentially told she would need more evidence to do anything about it, because of Cotten's job position and stature. Ms. Webb was told by Human Resources that Defendant Cotten would make her look like an "angry black woman"; she was also told that there have been similar complaints from other female employees. No action was taken, and the sexual harassment continued.

20. On numerous occasions, Ms. Webb denied Defendant Cotten's sexual advances, including refusing to perform oral sex on him in his office.

21. After Ms. Webb denied Cotten's sexual advances and had complained about his conduct, her work environment became increasingly hostile and discriminatory, for example (not an all-inclusive list):

    a. Ms. Webb was disciplined for tardiness, despite similarly situated male counterparts not being disciplined for similar conduct; and

    b. Ms. Webb was transferred to a less-desirable work location approximately 30-45 minutes away.

22. In or about August of 2023, Ms. Webb complained directly to the Fulton County Clerk, Ché Alexander, about Defendant Cotten's sexual advances and retaliation.  Ms. Webb also complained about Defendant Cotten's sexual advances and retaliation to the Director of Human Resources for the Fulton County Clerk, Antoine White.

23. On or about August 15, 2023, Ms. Webb complained about the sexual harassment, discrimination and retaliation she was experiencing from Defendants and Cotten to the EEOC.

24. After Ms. Webb complained directly to the Fulton County Clerk and asserted her legal rights to the EEOC, she was told by Defendants (including a member of Defendant Fulton County's human resources department) that if she continued with her allegations, she would have to continue working at the less-desirable, distant work location.

25. After Ms. Webb complained directly to the Fulton County Clerk and asserted her legal rights to the EEOC, even though her and Cotten were ostensibly supposed to no longer be working in the same location, Cotten continued to intimidate and traumatize Ms. Webb by showing up at her work location (including the less-desirable location) and walking near Ms. Webb for no apparent reason.  Cotten also showed up at Ms. Webb's church and parked outside the daycare of Ms. Webb's children, watching the door and Ms. Webb's parked car.

26. Ms. Webb also experienced other forms of sexual discrimination and retaliation from Defendant. For example, three women employees were let go in favor of three male hires. Despite these male hires having little experience compared to Ms. Webb, who trained them, they were all quickly promoted (by Cotten) to a higher position than her within approximately three months.

27. On or about June 19, 2024, shortly before the public filing of this lawsuit and after Defendants received notice of Ms. Webb's intent to file this lawsuit, Cotten resigned his employment. Upon information and belief, Defendants allowed Cotten to resign while maintaining his pension and other job benefits, and without accepting any responsibility for the heinous acts perpetrated on Defendants' female employees. Defendants knew about the allegations against Cotten for years and yet continued to employ him.

28. Based on the foregoing actions (and others), Ms. Webb believes and avers that Defendants unlawfully subjected her to sexual harassment, discriminated against her on the basis of her sex, and retaliated against her for opposing unlawful treatment.

## COUNT I

### Title VII (Discrimination on the Basis of Sex)
### [1] Hostile Work Environment [2] Discrimination [3] Retaliation

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. During Ms. Webb's employment, Defendants employed fifteen or more employees.

31. At all relevant times, Defendants were an "employer" under Title VII.

32. In doing the acts alleged herein, Defendants (by and through Cotten) subjected Ms. Webb to severe and pervasive sexual harassment.

33. The acts alleged herein were unwelcome, as well as subjectively and objectively offensive.

34. The sexual harassment was carried out by a high-ranking employee of Defendant, who was responsible for the supervision and management of other employees in the office (including Ms. Webb).

35. Ms. Webb opposed Cotten's sexual harassment, including directly to him, and informed Defendants about the sexual harassment. In response, Ms. Webb continued to be intimidated and harassed.

36. Defendant failed to take proper remedial action and failed to protect Ms. Webb from continued harassment on the basis of her sex.

37. Ms. Webb experienced retaliation from Defendants' management after complaining about and opposing sexual harassment.

38. Defendants failed to properly train and educate their management and staff about sexual harassment and failed to promulgate, disseminate and/or enforce an adequate sexual harassment policy for Defendants' employees.

39. Defendants allowed and enabled sexual harassment and assault in the workplace by failing to properly address and remedy reports of sexual harassment and assault in the workplace by Ms. Webb and other female employees.

40. Ms. Webb was treated disparately on the basis of sex compared to her male counterparts, including being disciplined (despite male employees engaging in similar conduct and not being disciplined) and passed over for promotion (despite having more experience than male employees who were quickly promoted after being hired).

41. Ms. Webb suffered and continues to suffer severe emotional distress as a direct and proximate result of Defendants' sexual harassment, discrimination, and retaliation.

42. As a direct and/or proximate result of Defendants' violations of her rights, Ms. Webb has suffered serious injury and damages, and is entitled to compensable damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Karen Webb respectfully requests that this Court enter judgment in her favor and grant her the following relief:

1. Order Defendants to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to

back pay, front pay, salary/pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

2. Award Plaintiff pre-judgment and post-judgment interest;

3. Award Plaintiff damages for emotional distress, pain and suffering;

4. Award Plaintiff liquidated damages for Defendants' willful violations, to the extent available under applicable law;

5. To the extent applicable under law, order Defendants to pay punitive damages as appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

6. Award Plaintiff all reasonable costs and attorneys' fees incurred in connection with this action;

7. Award Plaintiff injunctive relief to prohibit unlawful conduct in the future;

8. Award Plaintiff such other and further equitable and legal relief as available and appropriate under the circumstances; and

9. Grant Plaintiff a trial of this matter by jury.

Respectfully submitted this 3rd day of July, 2024.

/s/ A. J. Mitchell
A. J. Mitchell
Georgia Bar No.: 512269
*ATTORNEY FOR PLAINTIFF*
**Law Offices of A.J. Mitchell, LLC**
2388 Scenic Hwy S,

Snellville, GA 30078
Email: aj@ajmitchell-law.com
Phone: (770) 972-6623
Facsimile: (404) 592-6821

/s/ Mark Tieman
Mark Tieman*
*Pro hac vice application to follow*
ATTORNEY FOR PLAINTIFF
California Bar No. 344822
New Jersey Bar No. 155692016
Email: MDTieman@gmail.com
Phone: (610) 207-8427

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KAREN WEBB,<br><br>   Plaintiff,<br><br> v.<br><br>FULTON COUNTY; and the FULTON COUNTY CLERK OF SUPERIOR AND MAGISTRATE COURTS,<br><br>   Defendants. | Case No.:<br><br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C

I hereby certify that the foregoing document was prepared in Times New Roman, 14-point font, as approved by the Court in L.R. 5.1C.

        /s/ A. J. Mitchell
        A. J. Mitchell
        Georgia Bar No.: 512269
        *ATTORNEY FOR PLAINTIFF*
        **Law Offices of A. J. Mitchell, LLC**
        2388 Scenic Hwy S,
        Snellville, GA 30078
        Email: aj@ajmitchell-law.com
        Phone: (770) 972-6623
        Facsimile: (404) 592-6821